Filed 9/4/20  P. v. Newby CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C090433 |
| Plaintiff and Respondent, | (Super. Ct. No. CRPR19-44) |
| v. | |
| JERAMIE ALLEN NEWBY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jeramie Allen Newby has filed an opening brief asking this court to review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 for arguable issues in defendant's appeal from an order revoking his parole.  We find defendant is not entitled to *Wende* review, and will dismiss the appeal as abandoned.

In May 2015, defendant was convicted of possession of a controlled substance. (Health & Saf. Code, § 11377, subd. (a)(1).)  After serving two years in state prison, defendant was released on parole in May 2018.

1

In August 2019, the Department of Corrections and Rehabilitation's Division of Adult Parole Operations filed a petition to revoke defendant's parole. The trial court subsequently found defendant did, in fact, violate his parole and ordered defendant to serve 180 days in county jail. Defendant appeals from that order.

Review pursuant to *Wende* or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493], is required only in the first appeal of right from a criminal conviction. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [95 L.Ed.2d 539, 545-546]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537 (*Ben C.*); *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501 (*Serrano*).) And the due process right to *Anders/Wende* review applies only in appellate proceedings in which a defendant has a previously established constitutional right to counsel. (*Serrano, supra*, 211 Cal.App.4th at p. 500; *Ben C., supra*, 40 Cal.4th at pp. 536-537.) The constitutional right to counsel extends to the first appeal of right, and no further. (*Serrano*, at pp. 500-501.) Although a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his or her substantial rights (Pen. Code, §§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional. Thus, a defendant is not entitled to *Wende* review in such an appeal when appointed counsel finds no arguable issues on appeal. (See *Serrano*, at p. 501 [no *Wende* review for denial of postconviction motion to vacate guilty plea pursuant to Pen. Code, § 1016.5].)

The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction." (*Serrano, supra*, 211 Cal.App.4th at p. 501.) Applying *Serrano* here, we conclude that defendant has no right to *Wende* review of the order revoking defendant's parole. And because defendant, despite having been advised by counsel of his right to file a supplemental brief within 30 days of the date of filing the opening brief, failed to file any brief, we will dismiss defendant's appeal as abandoned. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040 [because postjudgment order appealed from is

presumed to be correct, where defendant does not file a supplemental brief, the Court of Appeal may dismiss the appeal as abandoned].)

## DISPOSITION

The appeal is dismissed.


      KRAUSE      , J.


We concur:


      HOCH      , Acting P. J.


      RENNER      , J.